**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION**

RECEIVED
2022 MAR -4 PM 2:00

M. LA-TROY ALEXANDRIA-WILLIAMS,

*Petitioners,*

v.

MARK GOINS, individual and official capacity As Coordinator of Tennessee Elections
MARY MANCINI, official capacity As Chairwoman of the Tennessee Democratic Party
LINDA PHILLIPS, SHELBY COUNTY ELECTION COMMISSIONER,
Steve Cohen,

*Respondents.*

No.

**COMPLAINT - JURY DEMAND**

Comes now Plaintiff M. Latroy Williams and brings suit against Defendants Tennessee State Democratic Executive committee, Mary Mancini, Mark Goins in his official capacity for injunctive relief and his individual capacity for monetary damages, and Linda Phillips for wrongful ouster from the 9th Congressional District race and wrongful termination of his candidacy for the 9th congressional seat in West Tennessee in the 2020 election.

**The Parties**

1. Petitioner M. La-Troy Williams is a resident citizen of Memphis Shelby County, Tennessee.

2. Mark Goins at all times relevant was Coordinator of Tennessee Elections through the Tennessee Division of Elections.

3. Mary Mancini at all times relevant was the Chairwoman of the Tennessee Democratic Party.

4. Linda Phillips at all times relevant was the Administrator of the Shelby County Election Commission.

5. The matter of Defendants taking Plaintiff off of the 2018 ballot was first brought before Shelby County Chancellor Walter Evans.

6. Chancellor Evans initially gave Findings of Fact And Law that Plaintiff's name should immediately be placed back on the ballot.

7. Defendants appealed that injunction on the basis that the findings of fact and law did not comply with Rule 65 of the Tennessee Rules Of Civil Procedure.

8. On remand, Chancellor Evans issued a more detailed Findings of Fact and Law, which stated in part: "Tennessee Code Annotated Section 2-13-203 does not apply to Petitioner's bid to run for U.S. Congress because he is running for one (1) of the four (4) offices listed in Tennessee Code Annotated Section 2-13-202.

9. The Tennessee Democratic Party's own bylaws recognize that it lacks the powers to establish any procedures for selecting a Party nominee for U.S. Congress Article III, Section 2(b) of the bylaws provides that "the powers and responsibilities of the Executive Committee include (b) Establishing the procedure for selecting Party nominees for the offices for which the procedure is not established by statute (see T.C.A. §§ 2-13-202, 203)."

10. Because the procedure for nominating candidates for U.S. Congress is established by statute, the Tennessee Democratic Party lacks the powers and responsibilities

to establish any procedure for selecting its nominee, as the nominee is selected through the primary election process.

11. The Shelby County Election Commission notified Petitioner that Petitioner's nominating petitions were properly filed, and that Petitioner's name would appear on the primary ballot.

12. The Tennessee Democratic Party notified Petitioner that it deemed him disqualified to run as a candidate for the Democratic party in the August primary election for a member of the U.S. Congress, and demanded that the Shelby County Election Commission remove Petitioner's name from the ballot.

13. The Shelby County Election Commission removed Petitioner's name from the ballot.

14. The Tennessee Democratic Party relied upon Tennessee Code Annotated Section 2-13-104, which provides: All candidates for state executive committee membership and for membership in the general assembly shall be bona fide members of the political party whose election they seek, A party may rule that candidates for its nominations be bona fide members of the party. Tenn. Code Ann. § 2-13-104.

15. Tennessee Code Annotated Section 2-13-104 has no application to candidates seeking election to U.S. Congress because the party is not making "its nominations" for that office but instead, by statute, the candidates are nominated through the primary election.

16. The bylaws of the Tennessee Democratic Party provide in pertinent part:

> To the maximum extent allowed by law, the Tennessee Democratic Executive Committee shall insure that Party nominees for elected offices are bona fide Democrats. In the event that a county party, in

compliance with its Bylaws, challenges a candidate for any office be it local, county, state or federal, against appearing on the ballot as a Democrat for failing to vote in at least three of the immediate prior five Democratic primaries, the challenge shall be referred to the County Party Development Committee which shall by a simple majority vote of the members make a recommendation to the State Party Chair. The Chair shall decide whether or not the candidate may appear on the ballot as a Democrat. The county party or the candidate has the right to appeal the Chair's decision to the full Executive Committee which may overturn the Chair's decision by a two-thirds vote of those present. The county party, Party Chair or the Executive Committee shall have the right to waive the foregoing prohibition against a candidate appearing on a ballot as a Democrat for good cause and when justice so requires. (Ex 2; para 21). 16. Thus, even in the event that the Tennessee Democratic Executive Committee was entitled to determine whether Petitioner is a bona fide Democrat, the only lawful basis on which it could legally deny Petitioner is a bona fide Democrat is if Petitioner failed to vote in at least three (3) of the immediate prior five (5) Democratic primaries, at which point the challenge shall be referred to the County Party Development Committee.

17. The Bylaws of the Tennessee Democratic Committee do not contain any other rules by which it could disqualify Petitioner or challenge his standing as a bona fide Democrat.

18. Petitioner asserts that he is a Democrat.

19. There are no facts or law supporting the Shelby County Election Commission's decision to omit Petitioner's name from the ballot, or the Tennessee Democratic

Party's demand that it do so.

20. Defendant Mark Goins was under court order by the Tennessee Court of Appeals to put the Plaintiff back on the ballot but actively refused to obey that court order.

21. Defendant Mark Goins falsely claimed he did not have time to get Plaintiff's name back on the ballot, but evidence shows that he put seven (7) addresses back on the ballot after being required to do so by a court order during that same time frame.

22. Defendant Mary Mancini illegally dissolved the Shelby County Democratic Executive Committee. Plaintiff was a member of the Shelby County Democratic Executive Committee, which at that time was majority black. Co-defendant Mancini replaced it with a majority white executive committee.

23. Co-conspirators tried to pass a bill to prevent the former members of the Shelby County Executive Committee from running for their seats again.

24. Defendant Mark Goins's lawyer said in open court that Goins did not have a dog in the fight, but the judge in that case stated that those dogs keep barking.

25. Lawyer for co-Defendant Mary Mancini stated in open court that the reason they wanted Plaintiff off the ballot was that it would cost Steve Cohen and the Democratic Party too much money to run against Plaintiff.

26. The Democratic Primary Board voted 3-0 to place Plaintiff back on the ballot, but Defendant Goins still refused to comply.

27. Norma Lester, at all times relevant to this matter, was chair of the Shelby County Democratic Women's Organization.

28. Lexi Carter, at all times relevant to this matter, was on the Shelby County Democratic Primary Board and the Shelby County Federal Election Commission.

29. Both Lexi Carter and Normal Lester determined, after doing their own investigations, that Plaintiff was a bona fide Democrat based on his only voting in Democratic Primaries and his only donating to democratic candidates.

30. The current chairman of the Tennessee Democratic Party stated in an open meeting that the reason he initially took Plaintiff off the ballot is that co-Defendant Mancini and other co-Defendants, who will be added in the Plaintiff's forthcoming motion to amend his complaint, mislead him about Plaintiff and then voted to put Plaintiff back on the ballot.

31. Co-Defendant Mary Mancini illegally removed Marion Alexandria-Williams Jr. and Marinda Alexandria-Williams from their four year term elected seats on the Tennessee Democratic Party State Primary Board / Executive Committee which is a statutory position.

32. In another related case, a judge affiliated with Defendant Steve Cohen laughed in open court at the fact that Plaintiff was not on the ballot and said that meant Steve Cohen would have no competition.

33. Plaintiff's congressional district is overwhelmingly black. Page 6 of 8 Response to Defendant Goins's Motion to Dismiss

34. Defendant Steve Cohen, who is white, has maintained his congressional seat by actively diluting black political strength.

35. Plaintiff has a witness who is willing to testify that she was paid by Defendant Steve Cohen to try to entrap Plaintiff into sexual harassment.

36. In 2020, despite the clear ruling by Chancellor Evans that Plaintiff under the circumstances in 2018 should have been put on the ballot, Defendants removed Plaintiff using the same wrong application of the law to the facts.

## Causes Of Action

**I 42 U.S.C. § 1983**

37. Defendant Mark Goins, in his individual capacity and under the color of state law, violated Plaintiff's 14th Amendment rights of equal protection under the law and due process of law by removing Plaintiff from the Tennessee ballot for Congress contravene to state law and against a court order.

38. Defendant Mary Mancini, under the color of law, violated Tennessee State law by illegally dissolving the Shelby County Democratic Executive Committee for the apparent purpose of undermining the African American majority on that committee.

39. These same defendants were pushed to have John DeBerry, another African American Democrat, removed from the ballot showing their racial animus.

**II 42 U.S.C. § 1985**

40. Defendants Mark Goins, Mary Mancini and Linda Phillips did conspire and work in concert to illegally remove Plaintiff from the ballot.

41. These actions were done for the benefit of Defendant Steve Cohen.

42. Defendant Steve Cohen paid a woman to attempt to illegally entrap Plaintiff for his own personal political gain.

**III 42 U.S.C. § 1986**

43. Defendants Goins, Phillips, Macini and Cohen all were aware of the action being taken to remove Plaintiff from the ballot, had the power to stop such action and refused to do so.

### IV Violations Of The Voting Rights Act

44. The Tennessee Democratic Party is regulated by the State of Tennessee and party nominees for the seat Plaintiff was seeking are only chosen by primary making the Tennessee Democratic Party an "agency of the state" under *Smith v. Allwright*.

45. The Defendants have on more than one occasion worked to deny ballot access to qualified black politicians raising the constitutional concerns raised in *Williams v. Rhodes*.

### V Slander And Libel

46. Defendants made numerous public declarations, both written and verbal, that Plaintiff was not a bona fide Democrat.

47. Plaintiff is a respected businessman in the African American community.

48. By questioning the bona fides and integrity of Plaintiff, Defendants have caused Plaintiff to have to spend money to defend his reputation.

## Prayers For Relief

WHEREFORE Plaintiff prays the following relief:

1. Declaratory relief that Plaintiff was unlawfully removed from the ballot.

2. Declaratory relief that Plaintiff meets the standard of the Tennessee State Democratic Party for being a bona fide Democrat.

3. Injunctive relief requiring all Defendants to follow Tennessee State Law and the Tennessee Democratic Party by-laws going forward and allow Plaintiff and other African American politicians to be placed on the ballot when they meet the statutory requirements without fear of discrimination and recrimination.

4. Monetary damages against Defendants for financial harm caused by their false statements.

5. Pre and post judgment interest.

6. Punitive damages.

7. Any other relief this Court may deem appropriate.

**Verification**

I, M. Latroy Alexandria-Williams, after having been duly sworn according to law, hereby depose and state that the facts and statements in the foregoing Complaint are true and correct to the best of my information, knowledge and belief.

M. Latroy Alexandria-Williams

Sworn and subscribed before me this the 4 day of March, 2022.

Notary Public

My Commission Expires: 05/22/2024

TAMARA TURNER STATE OF TENNESSEE NOTARY PUBLIC SHELBY COUNTY My Commission Expires 05-22-2024

Marion LAtroy A Williams
3693 Hermitage Dr
Memphis TENN 38116

cell - 901 - 859 - 6995
office - 662 - 647 - 2291

Marion LAtroy Williams
3693 Hermitage Dr
Memphis TN 38116