IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

**M. LA-TROY ALEXANDRIA-WILLIAMS,**

**Plaintiff,**

**v.**                                                      **Case No. 2:22-cv-02134-MSN-cgc**

**MARK GOINS, et al,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

---

Before the Court, by way of Administrative Order 2013-05,[1] is the instant case. On March 4, 2022, Plaintiff M. La-Troy Alexandria-Williams, a resident of Memphis, Tennessee, filed a *pro se* Complaint against Mark Goins, Mary Mancini, Linda Phillips and Steve Cohen. (Docket Entry (D.E.) #1). On March 4, 2022, Plaintiff paid the $402 filing fee and three blank summonses were given to Plaintiff with instructions to complete the summonses and return them for signature and seal of the Clerk of Court. (D.E. # 5) An Order to Show Cause was entered on March 13, 2023 requesting Plaintiff to show cause as to why it should not be recommended to the District Court that this cause be dismissed without prejudice for failure to serve the defendant. (D.E. # 8) Plaintiff responded to the Order to Show Cause on March 27, 2023 stating that he was working with several attorneys in an a attempt to have that attorney complete the summonses and get them served. (D.E. # 9) Plaintiff further stated that he anticipated that his attorney would have "his application for admission to the Western District submitted within 24 hours" and requested that the court not dismiss his case "but allow it to go forward with new counsel." (D.E. # 10) To date,

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

no attorney has made an appearance in this case and completed summonses have not been returned to the Clerk of Court for issuance and proof of service not been made to the court.

Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).   Plaintiff has had 724 days to obtain service of the complaint and summons on the defendant since he received the summonses on March 4, 2022.  The docket does not indicate that Plaintiff has served the defendant.

Absent a showing of good cause to justify a failure of timely service, Fed.R.Civ.P. 4(j) compels dismissal. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994), citing *Moncrief v. Stone,* 961 F.2d 595, 596 (6th Cir.1992); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991); *United States v. Gluklick,* 801 F.2d 834, 837 (6th Cir.1986).  Plaintiff bears the burden to establish good cause.  Fed.R.Civ.P. 4(j); *Friedman v. Estate of Presser,* 929 F.2d at 1157.  Good cause necessitates a demonstration of why service was not made within the time constraints of Fed.R.Civ.P. 4(j). *Moncrief v. Stone,* 961 F.2d at 597, *quoting, Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985).   Plaintiff has been afforded an opportunity show cause why service was not made within the time required by the rules and he has made none.

Therefore, it is recommended that plaintiff's complaint be dismissed without prejudice for failure to obtain timely service.

**SIGNED** this 26th day of February, 2024.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**