IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

M. LA-TROY ALEXANDRIA-WILLIAMS,

    Plaintiff,

v.                                            Case No. 2:22-cv-2134-MSN-cgc

MARK GOINS, ET AL.,

    Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING COMPLAINT WITHOUT PREJUDICE
FOR FAILURE TO EFFECT TIMELY SERVICE**

---

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 11, "Report"), entered February 26, 2024. The Report recommends that Plaintiff's Complaint in this matter be dismissed without prejudice for failure to obtain timely service.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection

is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION AND CONCLUSION

Magistrate Judge Claxton issued her Report on February 26, 2024. The Report warned that objections were due within 14 days of being served with a copy of the Report and failure to object may constitute a waiver of any objections, exceptions, and any further appeal. To date, no objections to the Report have been filed, and the deadline for doing so has expired. The Court has reviewed the Report for clear error and finds none. Accordingly, the Court **ADOPTS** the Report

in its entirety and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for failure to effect timely service.

      **IT IS SO ORDERED**, this 15th day of March, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE